**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SANTANDER SECURITIES, LLC; FÉLIX BARTOLOMEI**<br><br>**PETITIONERS**<br><br>v.<br><br>**CARMEN BUONO COLÓN**<br><br>**RESPONDENT** | **CIVIL NO. 16-1452**<br><br>**RE:**<br><br>**CONFIRMATION OF AWARD ENTERED IN FINRA DISPUTE RESOLUTION ARBITRATION NO. 14-00886** |

**PETITION FOR CONFIRMATION OF ARBITRATION AWARD
AND FOR EXPUNGEMENT RELIEF**

TO THE HONORABLE COURT:

COME NOW, **Petitioners Santander Securities, LLC** ("Santander Securities"); **and Félix A. Bartolomei** ("Bartolomei"); both of whom are jointly hereinafter referred to as "Petitioners", through their undersigned counsel, and respectfully aver and pray as follows:

**I.     NATURE OF THE ACTION, JURISIDICTION AND VENUE**

1.     This petition is filed pursuant to the Federal Arbitration Act of 1947 ("FAA"), as amended, 9 U.S.C. §§1 *et seq*. It seeks to confirm an arbitration award (hereinafter, the "Award") entered in favor of Santander Securities on October 7, 2015, by the Financial Industry Regulatory Authority (hereinafter, "FINRA"). The Award results from a securities claim submitted to arbitration by Carmen Buono Colón ("Bueno Colón") in FINRA Dispute Resolution Arbitration Number 14-00886 ("the Arbitration") against Santander Securities and Popular Securities LLC. Particularly, Petitioners seek the expungement of any and all references to such Arbitration from the registration records of co-petitioner Bartolomei, as recommended in the

Award. See Award in FINRA Arbitration Number 14-00886, attached hereto as **Exhibit 1, page 3**.

2.      According to FINRA Rule 2080, "[m]embers or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief."

3.      This Honorable Court has jurisdiction over this action under 28 U.S.C. §1331, insofar as the underlying dispute is within federal question jurisdiction since it is grounded on federal securities laws, rules and regulations. See Dean Witter Reynolds, Inc. v. Sanchez Espada, 959 F. Supp. 73, 76 (D.P.R. 1997) ("because the underlying dispute involves claims under the Securities and Exchange Act, 15 U.S.C. § 78, the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331").

4.      Venue is proper under the provisions of 9 U.S.C. § 9, given that this application is made to the United States District Court in which the award was made, and in which the events alleged or referred to in the Statement of Claim filed by Respondent in the Arbitration occurred.

## II.     PARTIES

5.      Petitioner Santander Securities is a securities brokerage firm registered with FINRA, with its principal place of business in Banco Santander, 4th Floor, 207 Ponce de León Ave., San Juan, Puerto Rico 00917.

6.      Petitioner Bartolomei is a financial consultant who works for Santander Securities and is a resident of Winter Garden, Florida. His Central Registration Depository ("CRD") number is 2813477.

7.     Respondent Buono Colón initiated the Arbitration against co-petitioner Santander Securities, and, upon information and belief, resides in Carolina, Puerto Rico.

### III.     OTHER PARTIES

8.     FINRA is an independent regulator for all securities firms doing business in the United States. Pursuant to FINRA Rule 2080, FINRA must be named as a party in a petition for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief, unless specifically waived in writing by FINRA. Accordingly, the Award relevant to this Petition advised that, unless specifically waived in writing by FINRA, the parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with the appropriate documents.

9.     In a letter dated March 10, 2016, FINRA waived the right to be named as a party in the instant action to confirm the Award. See FINRA's Waiver, attached hereto as **Exhibit 2**. Therefore, Petitioners are not required to include FINRA as a party in this judicial proceeding.

### IV.     RELEVANT FACTS

10.    Buono Colón held a brokerage account at Santander Securities.

11.    Petitioner Bartolomei was Buono Colón's financial consultant at Santander Securities.

12.    In connection with her Santander Securities account, Buono Colón agreed to arbitrate any controversies concerning any transaction in the account before any self-regulatory organization or exchange of which Santander Securities is a member.

13.    On March 11, 2014, Buono Colón filed a Statement of Claim before FINRA against Santander Securities and Popular Securities LLC. Buono Colón complained about

alleged unsuitable and misleading investment advice that led to overconcentration and increased risk exposure. See Statement of Claim, attached hereto as **Exhibit 3**.

14. Bartolomei was not named as a respondent in the Arbitration. See Statement of Claim, **Exhibit 3**.

15. On June 2, 2014, Santander Securities filed an Answer to the Statement of Claim and denied any and all liability with respect to the allegations made in the Statement of Claim. See Answer of Santander Securities, attached hereto as **Exhibit 4**.

16. On July 15, 2015, Santander Securities and Buono Colón reached a Settlement Agreement. See Respondent's Request for Expungement Recommendation, attached hereto as **Exhibit 5, Exhibit A**.[1] Nevertheless, Santander requested that the case remain open in order for the Arbitration Panel to consider Bartolomei's request for expungement. See Award in FINRA Arbitration Number 14-00886, attached hereto as **Exhibit 1, page 2**.

17. After a telephonic hearing before the Arbitration Panel, composed by James W. Geiger, William H. Fleece, and Robert Jerry Strader (the "Arbitration Panel"), the expungement of all references to the arbitration from non-party Bartolomei from his registration records maintained by the CRD was recommended, subject to confirmation by a court with competent jurisdiction. See id. at pages 2-4.

18. After considering the pleadings, the testimony at the hearing, the Settlement Agreement, Bartolomei's Broker Check and other evidence presented, the Arbitration Panel concluded that:

The claim, allegation, or information is false.

---

[1] Exhibit 5 includes the "Settlement Agreement and Release" executed by Petitioners and Respondent in FINRA Arbitration Procedure Number 14-00886. Because the "Settlement Agreement" is confidential, Petitioners respectfully request that, in accordance with Local Rule 5.2 (a), this Court allow them to file Exhibit 5 of the Petition with a restriction level limiting viewing to participants in the case and court personnel. Therefore, Exhibit 5 is being filed independently with a Motion to Restrict.

[...]

1) Claimant was a knowledgeable investment professional in the securities industry rather than an unsophisticated investor who was totally dependent upon her broker. For example, she held a Series 6 license and had worked as an authorized representative selling mutual funds and other securities. 2) The evidence shows that she not only rejected non-party Bartolomei's recommendations regarding increased diversification of her Puerto Rican holdings, but also relied upon an outside third party for investment counsel. 3) Her investments were suitable, notwithstanding her claims regarding unsuitable and misleading investment advice; that is, her primary investment objective was high return in the Puerto Rican bond market, and she understood the added risks that came with that objective. 4) The nominal sum of the settlement indicates that the company made a business decision to settle the claim for nuisance value without the consent of non-party Bartolomei, who testified that his preference was to have a full hearing to clear his name and his record.

See id. at page 3.

19. Insofar as the recommendation for expungement is not enforceable without a court order, Petitioners hereby request that this Honorable Court confirm the Award and enter judgment accordingly directing the CRD system to expunge any and all references to the Arbitration from the CRD records of Bartolomei (CRD No. 2813477).

V.   **STANDARD FOR CONFIRMATION OF ARBITRATION AWARD**

20. This motion is brought pursuant to Section 9 of the Federal Arbitration Act ("FAA"), which provides that an arbitration award can be confirmed by a court with jurisdiction. Section 9 states the following:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally

in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9   U.S.C.A. § 9.

21.   Courts have consistently held that venue under the FAA is permissive and that a petition to confirm award may be made in the district in which the award was made. See Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 9 (1st Cir. 2013); Thomas Diaz, Inc. v. Colombina, S.A., 831 F. Supp. 2d 528, 539 (D.P.R. 2011); Colon Vazquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147, 151-152 (D.P.R. 2007); Hancor, Inc. v. R&R Engineering Products, Inc., 381 F.Supp.2d 12 (D.P.R. 2005). See also Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company, 529 U.S. 193 (2000); Motion Picture Laboratory v. McGregor & Werner, Inc., 804 F.2d 16, 18-19 (2nd Cir. 1986). In Nasser M. Akhras v. Salomon Smith Barney, et al., Case No. 3:07-cv-01679 (ADC), for example, the Court confirmed an arbitration award issued by the New York Stock Exchange and ordered the expungement from the broker's CRD record.

22.   In the instant case, the hearing site was San Juan, Puerto Rico, and the parties agreed that a judgment may be entered to confirm the award issued by FINRA, and voluntarily submitted to the jurisdiction of a court with competent jurisdiction. See Award, **Exhibit 1**. Therefore, is it undisputed that this Court is the most convenient venue for the parties since the accounts at issue were opened in Puerto Rico and the events alleged in the Statement of Claim took place here, where Buono Colón resided at all relevant times. Furthermore, inasmuch as the underlying dispute was grounded on federal securities laws and regulations, this Honorable Court has federal question jurisdiction over this matter. See Dean Witter Reynolds, Inc., 959 F. Supp. at 76.

23. Therefore, pursuant to Section 9 of the FAA, 9 U.S.C. §9, since the Award has not been, and can no longer be, vacated, modified, or corrected, Petitioners move this Honorable Court to confirm the Award issued by the FINRA Arbitration Panel on October 7, 2015, and to enter Judgment accordingly, ordering the expungement of any and all references to the Arbitration from the CRD records of Félix Bartolomei (CRD No. 2813477).

**WHEREFORE**, Petitioners respectfully request that this Honorable Court enter an order confirming the Award rendered on October 7, 2015, and directing the entry of judgment as requested herein and to grant such other relief as may be appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on March 14, 2016.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de León Ave.
San Juan, Puerto Rico 00918
Tel: (787) 274-1212
Fax: (787) 274-1470

S/SARA L. VÉLEZ SANTIAGO
Sara L. Vélez-Santiago
USDC-PR No. 224004
svelez@pmalaw.com

S/ MARIANA MUÑIZ LARA
Mariana Muñiz Lara
USDC-PR No. 231706
mmuniz@pmalaw.com